UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-252 (WMW-HB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) SCOTT JOEL VELISEK,<br><br>(2) ELIZABETH REEVES SPORLEDER,<br><br>(3) DEL COREY CRANDELL,<br><br>(4) LESLIE MARIE CLOUD,<br><br>(5) RAMON DIEGO PACHECO,<br><br>(6) NICOLE LEE CHAPARRO, and<br><br>(7) RYAN MATTHEW MUEHLBERG<br><br>Defendants. | **SUPERSEDING INDICTMENT**<br><br>18 U.S.C. § 982(a)(1)<br>18 U.S.C. § 1956(a)(1)<br>18 U.S.C. § 1956(h)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(A)<br>21 U.S.C. § 841(b)(1)(B)<br>21 U.S.C. § 846<br>21 U.S.C. § 851<br>21 U.S.C. § 853 |

THE UNITED STATES GRAND JURY CHARGES THAT:

### COUNT 1
(Conspiracy To Distribute a Controlled Substance)

1.  Beginning in or about July 2017 and continuing through the date of this Indictment, in the State and District of Minnesota and elsewhere, the defendants,

**SCOTT JOEL VELISEK,
ELIZABETH REEVES SPORLEDER,
DEL COREY CRANDELL,
LESLIE MARIE CLOUD,
RAMON DIEGO PACHECO,
NICOLE LEE CHAPARRO, and
RYAN MATTHEW MUEHLBERG**

SCANNED
MAR 1 6 2021
U.S. DISTRICT COURT ST. PAUL

U.S. v. Scott Joel Velisek, et al.                                      Criminal No. 20-CR-252 (WMW-HB)

did knowingly and intentionally conspire with each other and with others known and unknown to the grand jury to distribute a mixture or substance containing a detectable amount of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Quantities of Controlled Substances Involved in the Conspiracy

2. With respect to defendants **SCOTT JOEL VELISEK, ELIZABETH REEVES SPORLEDER, DEL COREY CRANDELL, LESLIE MARIE CLOUD,** and **RYAN MATTHEW MUEHLBERG,** their conduct, which included the reasonably foreseeable conduct of other members of the conspiracy, involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

3. With respect to defendant **RAMON DIEGO PACHECO** and **NICOLE LEE CHAPARRO,** their conduct, which included the reasonably foreseeable conduct of other members of the conspiracy, involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

<b><u>COUNT 2</u></b><br>(Conspiracy To Commit Money Laundering)

4. From at least as early as 2018 and continuing through the date of this Indictment, in the State and District of Minnesota and elsewhere, the defendant,

<b>SCOTT JOEL VELISEK,</b>

U.S. v. Scott Joel Velisek, et al.                                                       Criminal No. 20-CR-252 (WMW-HB)

did knowingly and willfully combine, conspire and agree with others known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved proceeds of a specified unlawful activity, that is, drug trafficking, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of said specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

### INFORMATION TO ESTABLISH PRIOR CONVICTION
(Defendant **SCOTT JOEL VELISEK**)

Before committing the offense charged in Count 1 of this Indictment, the defendant,

**SCOTT JOEL VELISEK,**

was convicted of the following offense, which is a serious drug felony which has become final, and for which he served more than 12 months of imprisonment, and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offenses, that is,

U.S. v. Scott Joel Velisek, et al.                                    Criminal No. 20-CR-252 (WMW-HB)

| Crime | Jurisdiction | Date of Judgment (on or about) |
|---|---|---|
| Third-Degree Drug Sale in violation of Minn. Stat. § 152.023, subd. 1 | Goodhue County, Minnesota (Case No. 25-CR-10-720) | May 9, 2011 |

As a result of that conviction, defendant **SCOTT JOEL VELISEK** is subject to increased punishment under Title 21, United States Code, Section 851.

## FORFEITURE ALLEGATIONS

Counts 1 and 2 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853(a) and Title 18, United States Code, Section 982(a)(1).

If convicted of Count 1 of this Indictment, the defendants,

**SCOTT JOEL VELISEK,
ELIZABETH REEVES SPORLEDER,
DEL COREY CRANDELL,
LESLIE MARIE CLOUD,
RAMON DIEGO PACHECO,
NICOLE LEE CHAPARRO**, and
**RYAN MATTHEW MUEHLBERG**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds the defendants obtained directly or indirectly as a result of said violations, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations.

If convicted of Count 2 of this Indictment, the defendant,

**SCOTT JOEL VELISEK,**

4

U.S. v. Scott Joel Velisek, et al.                                        Criminal No. 20-CR-252 (WMW-HB)

shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p).

A TRUE BILL

_____       _____
ACTING UNITED STATES ATTORNEY         FOREPERSON